MILTON SAVINGS BANK *vs.* ELISABETH ANNA AMELUNG. March 9, 1976. In an action of summary process the plaintiff obtained a judgment for possession from which the defendant seasonably appealed on January 6, 1975. On February 11, 1975, the defendant filed a motion for a free copy of the transcript with the clerk. The motion was allowed by a Superior Court judge on February 24, 1975, and the transcript was filed three days thereafter. However, on March 6, 1975, the judge allowed the plaintiff's motion, brought pursuant to Mass.R.A.P. 10(c), 365 Mass. 854 (1974), to dismiss the appeal "because the Defendant has failed to comply with Rule 8(c) of the Massachusetts Rules of Appellate Procedure." The defendant appeals from the allowance of this motion. There is nothing in Rule 10(c) which authorizes a lower court to dismiss an appeal for failure to comply with the provisions of Rule 8(c). If the plaintiff's or the court's intention was to refer to Mass.R.A.P. 9(c) (see the amendment to Mass.R.A.P. 10(c) which took effect on February 24, 1975, 367 Mass. 919 [1975]), we conclude that there was compliance with that rule. We assume that the transcript had not been prepared by the stenographer when the defendant's motion for it was filed on the thirty-sixth day following appeal. Implicit in that motion was a request for an extension of time for assembly of the record beyond the forty days allotted by Rule 9(c). That motion was filed within the time permitted by Rule 9(e). Implicit in the allowance of that motion on the forty-ninth day after appeal was a fur-

Rescript Opinions.

ther reasonable extension of time for filing the transcript. The transcript was filed promptly following the allowance of the motion. Moreover, we perceive nothing in the record or the docket entries before us which discloses noncompliance by the defendant with the remaining requirements of Rule 9(c), viz., compliance with any request which may have been made by the clerk under that rule and payment of the docket fee, the time for which had not arrived. See Mass.R.A.P. 10(a).

*Order dismissing appeal reversed.*

*Thomas F. Heffernon* for the defendant.